**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA CARGO AIRLINES, LTD., | CV 17-00749 RSWL-JEM |
| Plaintiff, | **Order re: Motions in Limine** [58-61] |
| v. | |
| UNICAL AVIATION, INC., | |
| Defendant. | |

    This case arises out of Plaintiff/Counter-Defendant China Cargo Airlines, Ltd. ("Plaintiff") and Defendant/Counter-Claimant Unical Aviation, Inc.'s ("Defendant") alleged breaches of contract involving the sale of certain airline parts (the "Agreement"). Currently before the Court are Plaintiff's Motions in Limine ("MIL") for the forthcoming trial on July 11, 2018. Plaintiff filed four MIL seeking the Court to:

MIL #1) Exclude Excel spreadsheets being offered into evidence by Defendant;

MIL #2) Exclude all evidence produced after the close of fact discovery;

MIL #3) Exclude all evidence calling into question the clear, explicit, and unambiguous language of Clause 5.4 of the parties' Agreement; and

MIL #4) Exclude all evidence calling into question the clear, explicit, and unambiguous language of Clause 9 of the parties' Agreement.

Having reviewed all papers submitted pertaining to these MIL, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's MIL #1, **DENIES** Plaintiff's MIL #2, **GRANTS as MOOT** Plaintiff's MIL #3, and **GRANTS as MOOT** Plaintiff's MIL #4.

**I. DISCUSSION**

**A. Plaintiff's MIL #1 Is DENIED**

In MIL #1, Plaintiff moves to exclude any and all evidence, references to evidence, testimony, or arguments relating to spreadsheets prepared by Linda He that purport to show Plaintiff's inventory of aircraft parts available for Defendant to purchase. MIL #1 is based on lack of foundation and hearsay. Specifically, Plaintiff contends that the spreadsheets are inadmissible because Linda He is not on Defendant's

witness list.[1]

Pursuant to the business records exception to the hearsay rule, "[a] record of an act, event, condition, opinion, or diagnosis" is admissible if (1) someone with knowledge made the record (or transmitted its information) at or near the time of the act or event; (2) the record was kept in the ordinary course of business; (3) making the record was the regular practice of the business; (4) all these conditions are established through testimony of the custodian or other qualified witness; and (5) the opposing party does not show lack of trustworthiness. Fed. R. Evid. 803(6). A qualified witness need only "understand the record-keeping system." United States v. Childs, 5 F.3d 1328, 1334 (9th Cir. 1993) (quoting United States v. Ray, 930 F.2d 1368, 1370 (9th Cir. 1991)). Because any qualified witness (not solely Linda He) may lay the foundation for these records, the Court **DENIES** MIL #1. Additionally, the evidence may be admissible if offered not for its truth but, for example, to prove

---

[1] This contention depends on Plaintiff's faulty assumption that the spreadsheets are evidentiary summaries that may be admissible "through the testimony of the witness who supervised preparation of the exhibits." Pl.'s MIL #1 at 5:15-20 (quoting United States v. Behrens, 689 F.2d 154, 161 (10th Cir. 1982)), ECF No. 58. Evidentiary summaries, unlike inventory spreadsheets, are used "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006. Regardless, Behrens does not expressly preclude other witnesses from laying the proper foundation for evidentiary summaries. See Behrens, 689 F.2d at 161 (discussing how foundation *can*, not must, be laid).

Defendant's state of mind when Defendant terminated the Agreement. See Fed. R. Evid. 801(c); see, e.g., Kunz v. Utah Power & Light Co., 913 F.2d 599, 605 (9th Cir. 1990) (recognizing that evidence offered to show notice is not hearsay).

**B. Plaintiff's MIL #2 Is DENIED**

Plaintiff's MIL #2 seeks exclusion of all evidence, references to evidence, testimony, or arguments relating to all evidence produced by Defendant on March 8, 2018 (after the close of discovery on November 3, 2017).[2] According to Defendant—and left unchallenged due to Plaintiff's failure to file a reply—MIL #2 targets 27 exhibits from the parties' original Joint Exhibit List. Since Defendant agreed to withdraw 14 of those exhibits, there are 13 exhibits presently at issue. See Decl. of Gregory B. Koltun ("Koltun Decl.") ¶ 6, ECF No. 71-1.

At trial, evidence that was required to be but was not properly disclosed in discovery is precluded unless the failure to disclose is substantially justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)). Defendant maintains the untimeliness here is harmless. To determine

---

[2] Although Plaintiff mentions another late production on November 16, 2017, Plaintiff only asks the Court to exclude documents produced on March 8, 2018. Further, Defendant's Opposition is limited to the March production, and Plaintiff filed no reply challenging this limitation.

4

harmlessness, courts may consider (1) prejudice or surprise to the opposing party, (2) ability to cure, (3) likelihood of disrupting the trial, and (4) bad faith or willfulness in not disclosing sooner. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

First, the only prejudice Plaintiff argues resulted from the delayed production is the necessity of conducting a side-by-side comparison of Defendant's November and March productions in lieu of preparing its own case for trial. Defendant refutes this argument by establishing the comparison was unnecessary (the exhibits are not voluminous and are mostly emails, which should be easy to understand) and Plaintiff waited two months to access the production. See Koltun Decl. ¶¶ 3, 8, Ex. C. Further, such prejudice seems illusory because Defendant handed one of the exhibits at issue to Plaintiff prior to the first deposition taken by Plaintiff (i.e., the deposition of the author of said exhibit), yet Plaintiff did not ask a single question about the exhibit. Id. ¶ 7.

Second, Defendant is able to cure any prejudice. Initially, Plaintiff had three months prior to trial to review the production, and Defendant still has time to address any unresolved issues. See Romero v. Cty. of Santa Clara, No. 11-cv-04812-WHO, 2014 U.S. Dist. LEXIS 133595, at *2, *5 (N.D. Cal. Sept. 22, 2014) (denying

motion in limine to preclude documents produced two months before trial because plaintiff "had considerable time to cure any surprise").

Third, the Court sees no potential disruption to trial. The exhibits do not require alteration of the trial schedule, and the exhibits involve Plaintiff's own inventory and communications with Defendant, which do not require further depositions or discovery. Def.'s Opp'n to MIL #2 at 4:12-14 (citing <u>Allstate Ins. Co. v. Thacher</u>, CV 08-3326-RSWL (FMOx), 2009 U.S. Dist. LEXIS 134388, at *4 (C.D. Cal. July 28, 2009) (finding evidence would not disrupt trial because disclosure occurred "over two months before trial")), ECF No. 70.

Finally, there is no evidence that Defendant acted in bad faith or willfully failed to disclose this evidence earlier. Plaintiff does not even argue as much.

As such, the late disclosure was harmless, and MIL #2 is **DENIED**.

**C. Plaintiff's MIL #3 and MIL #4 Are GRANTED as MOOT**

Plaintiff requests in MIL #3 and MIL #4 that the Court exclude any and all evidence, references to evidence, testimony, or arguments calling into question the clear, explicit, and unambiguous language of Clauses 5.4 and 9 of the parties' Agreement. Under California law, extrinsic evidence is inadmissible "to add to, detract from, or vary the terms of a written contract." <u>Appling v. State Farm Mut. Auto. Ins. Co.</u>,

340 F.3d 769, 777 (9th Cir. 2003) (quoting Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co., 442 P.2d 641, 645 (1968)).

Clause 5.4 (Cancellation of Purchase Agreement) reads: "In the event the PURCHASER cancels the Agreement without cause after execution of the Agreement, then all of the deposit paid by PURCHASER shall be forfeited to the SELLER."[3] Both Plaintiff and Defendant agree that Defendant is only entitled to its deposit if the Court finds Defendant had cause to terminate the Agreement. On the other hand, if Defendant lacked cause, both parties agree that Plaintiff is entitled to the deposit; in fact, Defendant asserts an affirmative defense that Plaintiff's entitlement would be its sole remedy for such breach.

Clause 9 (Risk, Title and Warranties) reads: "The risk, title, interest and warranties of all items shall pass from SELLER to PURCHASER upon Delivery at the Delivery Locations as stipulated in Clause 6.4." Additionally, the Agreement defines "Delivery" as "transfer of SELLER's right, title and interest in the Package by SELLER to PURCHASER in accordance with this Agreement." As with Clause 5.4, Defendant suggests there is no dispute between the parties as to the

---

[3] The parties fail to attach copies of the Agreement to their briefs for the Court's review, but since there is no dispute as to the language quoted in the respective briefs, the Court relies on such reproductions.

7

meaning of Clause 9.  Rather, Defendant's position is that Plaintiff never transferred its right, title, and interest to Defendant due to the inventory disputes and the Agreement's requirement that Defendant pay prior to delivery.  Plaintiff has not shown any extrinsic evidence Defendant may seek to proffer at trial.

Since there is nothing to exclude under California's parol evidence rule, the Court **GRANTS** MIL #3 and MIL #4 **as MOOT**.  See Cazares v. Frugoli, No. 13 CV 5626, 2017 U.S. Dist. LEXIS 151676, at *17 (N.D. Ill. Sept. 19, 2017) (granting defendant's motion in limine as moot when plaintiffs represented they did not intend to proffer the evidence defendant sought to exclude); McMurray v. Cty. of Sacramento, 2:09-cv-02245-GEB-EFB, 2012 U.S. Dist. LEXIS 6187, at *12 (E.D. Cal. Jan. 19, 2012) (same).

## II. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's MIL #1, **DENIES** Plaintiff's MIL #2, **GRANTS as MOOT** Plaintiff's MIL #3, and **GRANTS as MOOT** Plaintiff's MIL #4.

**IT IS SO ORDERED.**

DATED: June 21, 2018        s/ RONALD S.W. LEW

                                         **HONORABLE RONALD S.W. LEW**
                                         Senior U.S. District Judge